Jeffrey M. Boldt, Esq.
State Bar No.: 7-4730
THE KUKER GROUP, LLC
508 E. 18th Street
Cheyenne, Wyoming 82001
307.274.4444 office
307.772.1806 mobile
307.274.4443 facsimile
jeffrey@kukerlaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

|  |  |  |
|---|---|---|
| ZACHARY LEBO, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO.: 2:17-cv-00154-KH |
| NAVIENT SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT NAVIENT SOLUTIONS, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant Navient Solutions, LLC, ("Defendant" or "NSL"), by its undersigned counsel, hereby submits this Answer and Affirmative Defenses in response to the Complaint of Plaintiff Zachary Lebo ("Plaintiff") and asserts as follows:

## I.   AS TO COMPLAINT

The statements set forth in the unnumbered paragraph entitled "COMPLAINT" are legal conclusions to which no response is required. To the extent a response is required, NSL admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, but denies that NSL violated the TCPA and further denies that Plaintiff is entitled to any relief whatsoever from NSL.

## II. AS TO INTRODUCTION

1. NSL states that the provisions of the TCPA, including any authority in support of its enactment, purportedly referenced in Paragraph 1 speak for themselves, and to the extent Plaintiff misstates, mischaracterizes, or takes out of context the provision and authority referenced in Paragraph 1, the allegations are denied.

2. NSL states that the congressional record and case law cited in Paragraph 2 speak for themselves, and to the extent Plaintiff misstates, mischaracterizes, or takes out of context the congressional record and case law referenced in Paragraph 2, the allegations are denied.

3. The statements set forth in Paragraph 3 of the Complaint refer to a writing, the content of which speaks for itself, and to the extent Plaintiff misstates, mischaracterizes, or takes out of context the said writing, the allegations are denied. In further response, the statements set forth in Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 3, and therefore denies same.

## III. AS TO JURISDICTION AND VENUE

4. In response to Paragraph 4 of the Complaint, the allegations contain conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is required, NSL admits that jurisdiction is proper in this matter. NSL denies any remaining allegations in Paragraph 4 not specifically admitted herein.

5. In response to Paragraph 5 of the Complaint, the allegations contain conclusions of law regarding venue to which no response is required. To the extent that a response is required, NSL admits that venue is proper in this matter. NSL denies any remaining allegations in Paragraph 5 not specifically admitted herein.

6. In response to Paragraph 6 of the Complaint, NSL denies that it violated the TCPA. In further response, the allegations contain conclusions of law regarding personal jurisdiction to which no response is required. To the extent that a response is required, NSL admits only that jurisdiction is proper in this matter. NSL denies any remaining allegations in Paragraph 6 not specifically admitted herein.

### IV.   AS TO FACTUAL ALLEGATIONS

7. NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 7, and therefore denies same.

8. In response to the allegations in Paragraph 8 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

9. In response to the allegations in Paragraph 9 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

10. In response to the allegations in Paragraph 10 of the Complaint, NSL admits that it is a Delaware limited liability company with a principal place of business in Reston, Virginia.

11. In response to the allegations in Paragraph 11 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

12. In response to the allegations in Paragraph 12 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

13. In response to the allegations in Paragraph 13 of the Complaint, NSL states that it

has attempted calls to a telephone number ending in 0379. NSL denies any remaining allegations in Paragraph 13.

14. In response to the allegations in Paragraph 14 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

15. In response to the statements in Paragraph 15 of the Complaint, NSL lacks knowledge or information regarding what the Plaintiff intends to testify to, and therefore denies same. To the extent that those statements are asserted as allegations against NSL, those allegations are denied.

16. In response to the allegations in Paragraph 16 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, NSL states that it sometimes utilizes an automatic telephone dialing system in communicating with its customers when provided consent to do so.

17. NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 17, and therefore denies same.

18. In response to the allegations in Paragraph 18 of the Complaint, NSL states that it has attempted calls to a telephone number ending in 0379. NSL denies any remaining allegations in Paragraph 18.

19. In response to the allegations in Paragraph 19 of the Complaint, those allegations are denied.

20. In response to the allegations in Paragraph 20 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, NSL lacks knowledge and information sufficient to either admit or deny the allegations

set forth in Paragraph 20, and therefore denies same.

21. In response to the allegations in Paragraph 21 of the Complaint, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 21, and therefore denies the same.

22. In response to the allegations in Paragraph 22 of the Complaint, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 22, and therefore denies the same

23. In response to the allegations in Paragraph 23 of the Complaint, those allegations are denied.

24. In response to the allegations in Paragraph 24 of the Complaint, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 24, and therefore denies the same.

25. In response to the allegations in Paragraph 25 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, NSL denies that it violated the TCPA. NSL lacks knowledge and information sufficient to either admit or deny the remaining statements set forth in Paragraph 25, regarding the Plaintiff's "non-exclusive log", and therefore denies same. To the extent that these statements are asserted as allegations, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 25, and therefore denies same.

26. In response to Paragraph 26 of the Complaint, the allegations contain conclusions of law regarding venue to which no response is required. To the extent that a response is required, NSL lacks knowledge and information sufficient to either admit or deny the allegations set forth in Paragraph 26, and therefore denies the same.

27. In response to the allegations in Paragraph 27 of the Complaint, those allegations are denied.

28. In response to the allegations in Paragraph 28 of the Complaint, those allegations are denied.

29. In response to the allegations in Paragraph 29 of the Complaint, those allegations are denied.

30. In response to the allegations in Paragraph 30 of the Complaint, NSL states that it has been named as a defendant in lawsuits alleging violations of the TCPA.  Except as expressly stated, NSL denies each and every other allegation set forth therein.

31. In response to the allegations in Paragraph 31 of the Complaint, NSL states that it has been named as a defendant in lawsuits alleging violations of the TCPA.  Except as expressly stated, NSL denies each and every other allegation set forth therein.

32. In response to the allegations in Paragraph 32 of the Complaint, NSL states that it has been named as a defendant in lawsuits alleging violations of the TCPA.  Except as expressly stated, NSL denies each and every other allegation set forth therein.

33. In response to the allegations in Paragraph 33 of the Complaint, those allegations are denied.

34. In response to the allegations in Paragraph 34 of the Complaint, those allegations are denied.

35. In response to the allegations in Paragraph 35 of the Complaint, those allegations are denied.

36. In response to the allegations in Paragraph 36 of the Complaint, those allegations are denied.

37. In response to the allegations in Paragraph 37 of the Complaint, those allegations are denied.

38. In response to the allegations in Paragraph 38 of the Complaint, those allegations are denied.

39. In response to the allegations in Paragraph 39 of the Complaint, those allegations are denied.

40. In response to the allegations in Paragraph 40 of the Complaint, those allegations are denied.

41. In response to the allegations in Paragraph 41 of the Complaint, those allegations are denied.

42. In response to the allegations in Paragraph 42 of the Complaint, those allegations are denied.

### As to Count I – Violation of the TCPA

43. The allegations in Paragraph 43 are prefatory to which no response is required. To the extent a response is required; NSL incorporates Paragraphs 1 through 42 of its answer herein by reference as if the same were set forth fully below.

44. In response to the allegations in Paragraph 44 of the Complaint, those allegations are denied.

45. In response to the allegations in Paragraph 45 of the Complaint, those allegations are denied.

### As to Count II – Invasion of Privacy

46. The allegations in Paragraph 46 are prefatory to which no response is required. To the extent a response is required; NSL incorporates Paragraphs 1 through 45 of its answer

herein by reference as if the same were set forth fully below.

47. In response to the allegations in Paragraph 47 of the Complaint, those allegations are denied.

48. In response to the allegations in Paragraph 48 of the Complaint, those allegations are denied.

49. In response to the allegations in Paragraph 49 of the Complaint, those allegations are denied.

50. In response to the allegations in Paragraph 50 of the Complaint, those allegations are denied.

51. In response to the allegations in Paragraph 51 of the Complaint, those allegations are denied.

52. In response to the allegations in Paragraph 52 of the Complaint, those allegations are denied.

### As to the Prayer of Relief

The allegations set forth in the "Wherefore" clause following Paragraph 53 purport to seek relief from NSL; NSL denies that Plaintiff is entitled to the relief which it seeks or any relief whatsoever from NSL.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: LACK OF INJURY

1. Plaintiff's claims may be barred in whole or in part because Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## SECOND AFFIRMATIVE DEFENSE:
## FAILURE TO STATE A CLAIM

2. Plaintiff's claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE:
## STATUTE OF LIMITATIONS

3. Plaintiff's claims are barred by all applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE:
## LACHES

4. Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE:
## ESTOPPEL

5. All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE:
## WAIVER

6. Plaintiff has waived any and all claims, rights, and demands that Plaintiff had or may have against NSL, and any claims by Plaintiff asserted herein are subject to that waiver.

## SEVENTH AFFIRMATIVE DEFENSE:
## INTERVENING ACTS OF OTHERS

7. NSL alleges, based upon information and belief, that Plaintiff's alleged injuries, if any, were proximately and solely caused by an independent and/or intervening cause or causes, for whom or for which NSL is neither liable nor responsible.

## EIGHTH AFFIRMATIVE DEFENSE:
## FAULT OF PLAINTIFF AND/OR OTHERS

8. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff or of third parties, and not NSL.

### NINTH AFFIRMATIVE DEFENSE:
### NO DAMAGES

9. Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by NSL.

### TENTH AFFIRMATIVE DEFENSE:
### LACK OF INTENT

10. NSL specifically deny that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE:
### FAILURE TO MITIGATE DAMAGES

11. Plaintiff has failed, in whole or in part, to mitigate Plaintiff's alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE:
### COMPLIANCE WITH LAW

12. NSL met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to NSL.

### THIRTEENTH AFFIRMATIVE DEFENSE:
### LACK OF MALICE

13. NSL specifically deny that they acted with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

### FOURTEENTH AFFIRMATIVE DEFENSE:
### ADDITIONAL AFFIRMATIVE DEFENSES

14. NSL have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  NSL therefore

reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

Dated: February 15, 2018  Respectfully submitted,

By: */s/ Jeffrey M. Boldt, Esq.*
Jeffrey M. Boldt, Esq.
State Bar No.: 7-4730
THE KUKER GROUP, LLC
508 E. 18th Street
Cheyenne, Wyoming 82001
307.274.4444 office
307.772.1806 mobile
307.274.4443 facsimile
jeffrey@kukerlaw.com

*Counsel for Defendant Navient Solutions, LLC*

- 12 -

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 15th day of February, 2018 I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF filing system, which will serve it on the following counsel of record:

Clyde Hutchins, Bar No. 6-3549
Harmony Law, LLC
155 E. Boardwalk Drive, Suite 400
Fort Collins, Co 80525
Telephone: 970-488-1857
hutchins@harmony.law

*Attorney for Plaintiff*

               Respectfully submitted,

              By: */s/ Jeffrey M. Boldt, Esq.*
                 Jeffrey M. Boldt, Esq.

              *Counsel for Defendant Navient Solutions, LLC*